## COMMONWEALTH *vs.* JOSEPH N. JONES, JR.

No. 92-P-1065.

Plymouth. May 14, 1993. - June 28, 1993.

Present: BROWN, KASS, & LAURENCE, JJ.

*Rape. Evidence*, Medical record, Privileged communication, Fresh complaint, Alibi. *Privileged Communication. Practice, Criminal*, Argument by prosecutor, Instructions to jury.

At a rape trial, the judge correctly denied the defendant's motion that the prosecution be ordered to provide all information with regard to any psychiatric care or counseling received by the alleged victim, where certain early childhood medical records of the victim, as described by the defendant, would not bear on the ability of the victim to perceive, remember, and to testify accurately, nor would they plausibly reveal a motive for testifying falsely. [684-685]

At a criminal trial, certain fresh complaint testimony received in evidence was within proper bounds and the judge's instructions to the jury properly addressed the corroborative function of the testimony. [685]

At a criminal trial, the prosecutor's closing argument was proper as was the judge's instruction to the jury regarding the defendant's alleged alibi. [685]

INDICTMENT found and returned in the Superior Court Department on December 3, 1990.

The case was tried before *John A. Tierney*, J.

*William M. Leonard* for the defendant.

*John E. Bradley*, Assistant District Attorney, for the Commonwealth.

KASS, J. There was evidence entitling the jury to believe that, during a harrowing night, the defendant repeatedly choked the victim, threatened her with death, and raped her. The jury convicted the defendant of rape and assault and battery.[1]

---

[1]The assault and battery conviction was placed on file and is not involved in this appeal.

1. *Access to psychiatric or counseling records.* At the time of the assaults complained of, the woman was nineteen years old. In a motion made slightly more than a month after the decision in *Commonwealth* v. *Stockhammer*, 409 Mass. 867 (1991), defense counsel moved that the trial judge order the government "to provide all information with regard to any psychiatric care or counseling received by the alleged victim." The defense indicated it thought the complainant might have received psychiatric care or counseling because when she was a child a man friend of her mother broke both her legs. The earlier brutality did not involve sexual abuse. The motion was denied.

In *Stockhammer* and in *Commonwealth* v. *Figueroa*, 413 Mass. 193 (1992), the cases which established the right of defense counsel in a criminal case, and in controlled circumstances, to examine the psychiatric treatment and counseling records of the complainant, the records declared available had a discernible connection with the crimes alleged. In *Stockhammer*, the records counsel asked to examine concerned treatment and counseling of the complainant after the rape alleged in that case and inferentially having to do with the mental distress brought about by the sexual assault complained of. In *Figueroa*, the victim was a moderately retarded woman twenty-one years old. Her mental condition might bear on her ability to testify truthfully or to perceive and remember accurately; therefore, defense counsel ought to be able to examine her mental treatment records for what light they shed on the testimonial capacity of the witness. See *Commonwealth* v. *Figueroa*, 413 Mass. at 200-203.

*Stockhammer* and *Figueroa* represented a departure from previous approaches to the thorny problem of defense access to otherwise privileged psychiatric records, which previously had required a particularized showing by the defense of need, beyond simple relevance, for access to such materials. See *Commonwealth* v. *Two Juveniles*, 397 Mass. 261, 269 (1986). In addition the *Stockhammer-Figueroa* decisions departed from the practice of satisfying the defendant's requirements through in camera review by the trial judge in

the first instance. See *Pennsylvania* v. *Ritchie*, 480 U.S. 39, 59-61 (1987); *Commonwealth* v. *Stockhammer*, 409 Mass. at 881-884. We do not read the *Stockhammer-Figueroa* opinions as standing for the proposition that, in any trial for rape or sexual assault, the defendant shall have access to all the medical and counseling records of the complainant from the time of birth. That, in effect, is the position of the defendant in this case. The defendant does not say that any psychiatric and counseling records of the complainant exist. He wants to know if they do. Certainly the complainant's early childhood medical records, if they have a psychiatric component, have no relation to the sexual assault with which the defendant was charged. As described, those records would not bear on the ability of the complainant in this case to perceive, remember, and to testify accurately, nor would they plausibly reveal a motive for testifying falsely. We think the request for access to treatment records in this case was so disconnected from the events of that case as to have warranted denial of the motion for such access.

2. *Fresh complaint testimony.* The fresh complaint testimony received was within proper bounds and the judge's instructions about the limited corroborative function of such testimony was to the point. See *Commonwealth* v. *Licata*, 412 Mass. 654 (1992); *Commonwealth* v. *Scanlon*, 412 Mass. 664, 669-670 (1992); *Commonwealth* v. *Flebotte, ante* 679-680 (1993).

3. *Other claims of error.* We have examined the prosecutor's closing argument and consider it well within bounds. The defendant claims to have been on another floor at the time the alleged assaults took place. For that reason, the judge gave an alibi instruction to the jury, although the defendant had produced no alibi witnesses. The defendant could only have been helped by the instruction.

*Judgment affirmed.*