COMMONWEALTH *vs.* MIKAEL L. BEAL.

Suffolk. April 9, 1999. - May 5, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Evidence,* Exculpatory. *Due Process of Law,* Disclosure of evidence. *Practice, Criminal,* Disclosure of evidence. *Witness,* Victim.

The Commonwealth's duty in a criminal case to disclose exculpatory informa-
tion does not require a prosecutor to make defense-directed inquiries of
independent witnesses, including complainants, regarding information
unknown to the prosecution and not subject to the prosecutor's control.
[531-535]

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on July 28, 1998.

The case was reported by *Lynch,* J.

*Jeffrey T. Karp,* Assistant District Attorney, for the Com-
monwealth.

*Leo McAuliffe* (*Roger Witkin* with him) for the defendant.

The following submitted briefs for amici curiae:

*Toni G. Wolfman, Anthony Mirenda, Audrey C. Mark, Alix
Biel, & Nicole Hadas* for Domestic Violence Council, Inc., &
another.

*Martha Coakley,* District Attorney, & *Marguerite T. Grant,*
Assistant District Attorney, for District Attorney for Middlesex
County.

*Carol A. Donovan* for Committee for Public Counsel Services.

IRELAND, J. The defendant was indicted on a charge of rape.
In his motion for exculpatory evidence and records, the
defendant requested, among other things, information on any
mental health treatment the complainant had ever received and
the details of any prior complaints of rape or abuse made by the
complainant. The Commonwealth responded that it did not have
this information, and that it had no duty to gather it for the
defendant. After a hearing, a Superior Court judge ordered the
Commonwealth to interview the complainant and make the

requested inquiry. The Commonwealth then filed a petition for relief pursuant to G. L. c. 211, § 3, and a single justice of this court reserved and reported the matter to the full court. We conclude that the judge erred in ordering the Commonwealth to question the complainant on behalf of the defendant, and, therefore, we direct the entry of a judgment in the county court vacating that order. The duty to disclose exculpatory information does not require a prosecutor to make defense-directed inquiries of independent witnesses, including complainants.

The United States Supreme Court has ruled that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* v. *Maryland*, 373 U.S. 83, 87 (1963). See *United States* v. *Bagley*, 473 U.S. 667, 675 (1985) (purpose of disclosure requirement is to ensure fair trial); *Commonwealth* v. *Daye*, 411 Mass. 719, 728 (1992) (same). A duty of disclosure was subsequently prescribed for situations where defendants had either made only a general request for exculpatory materials, or made no such request at all. *United States* v. *Agurs*, 427 U.S. 97, 107-108 (1976). We are asked to decide whether this duty of disclosure requires the prosecution to solicit information from a witness.

The Commonwealth takes the position that it cannot be ordered to seek out and provide information to the defense from independent witnesses. In a case such as this, where the witness in question is in no way an agent of the prosecution team, we agree. A prosecutor's duty of disclosure only applies to information in the possession of the prosecutor and information in the possession of persons "sufficiently subject to the prosecutor's control." *Commonwealth* v. *Martin*, 427 Mass. 816, 824 (1998). See *Commonwealth* v. *Tucceri*, 412 Mass. 401, 407 (1992); *Commonwealth* v. *Neal*, 392 Mass. 1, 8 (1984). Persons considered "subject to the prosecutor's control," and, therefore, subject to the prosecutor's duty of disclosure, are those individuals acting, in some capacity, as agents of the government in the investigation and prosecution of the case. See *Kyles* v. *Whitley*, 514 U.S. 419, 437 (1995) ("individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"). See also *Commonwealth* v. *Martin, supra,* and cases cited ("A prosecutor's obligations extend to information in possession of

a person who has participated in the investigation or evaluation of the case and has reported to the prosecutor's office concerning the case"); *Commonwealth* v. *Tucceri, supra* ("A prosecutor's duty, however, extends only to exculpatory evidence in the prosecutor's possession or in the possession of the police who participated in the investigation and presentation of the case"); *Commonwealth* v. *St. Germain,* 381 Mass. 256, 261-262 n.8 (1980). Compare *Commonwealth* v. *Daye, supra* at 734 (prosecution could not have "suppressed" police department reports because the reports were not in its possession nor generated as part of any joint investigation), with *Commonwealth* v. *Martin, supra* at 823-824 (prosecution should have secured and turned over test results obtained by State police laboratory on prosecution's behalf).

The prosecutor's duty does not extend beyond information held by agents of the prosecution team. "[A] prosecutor has no duty to investigate every possible source of exculpatory information on behalf of the defendant[] and . . . his obligation to disclose exculpatory information is limited to that in the possession of the prosecutor or police." *Commonwealth* v. *Campbell,* 378 Mass. 680, 702 (1979).[1] Information known to an independent witness, but unknown to the prosecution, is not within the possession and control of the prosecution unless that witness has acted, in some capacity, as an agent of the government in the investigation and prosecution of the crime. A complainant is not someone "who has participated in the investigation or evaluation of the case and has reported to the prosecutor's office concerning the case." *Commonwealth* v. *Martin, supra* at 824. Consequently, such witnesses are not "sufficiently subject to the prosecutor's control that the duty to disclose applies to information in [their] possession." *Id.*

The defendant argues, and the judge found, however, that the prosecutor has a unique relationship with the complainant which justifies extending the prosecutor's duty of disclosure to making defense-directed inquiries of the complainant. We do not agree. In order to investigate and prosecute crimes effectively, prosecutors must attempt to foster good working relationships with

---

[1]Our rules of criminal procedure also address the prosecution's duty of disclosure. On a motion of a defendant, the prosecution has a duty to provide exculpatory information. See Mass. R. Crim. P. 14 (a) (1) (C), 378 Mass. 874 (1979). But this duty only extends to those facts "within the possession, custody, or control of the prosecutor." *Id.*

complainants. The fact that a prosecutor may have developed a good working relationship with the complainant does not convert that person into an agent of the prosecution team. As we have said before, the prosecution pursues a conviction on behalf of the Commonwealth as a whole, not on behalf of the individual complainant, see *Manning* v. *Municipal Court of the Roxbury Dist.*, 372 Mass. 315, 317 (1977), and prosecutions can go forward even against the wishes of the complainant. Independent witnesses, such as a complainant, lack any tie to the prosecution which would bring them within the duty of disclosure.

The defendant argues that he cannot effectively prepare his defense without the prosecutor's making the requested inquiries of the complainant. His position is that he will be unable to make other proper requests for potentially exculpatory records unless the prosecutor obtains this information for him.[2] Despite his assertion, the fact remains that prosecutors have no duty to actively seek out information that they or their agents do not possess.

Certainly a prosecutor cannot actively stand in the way of a defendant questioning witnesses. See *Commonwealth* v. *Rivera*, 424 Mass. 266, 271 (1997), cert. denied, 119 S. Ct. 346 (1998), and cases cited; *Commonwealth* v. *Campbell, supra* at 699. Nor should a prosecutor discourage witnesses from speaking with the defense. However, arguing, as the defendant does, that a prosecutor cannot inhibit access to a witness is an entirely different thing from imposing an affirmative duty on a prosecutor to facilitate the questioning of a witness. A prosecutor has no

---

[2]The defendant specifically argues that he is unable to pursue potentially exculpatory mental health records under *Commonwealth* v. *Bishop,* 416 Mass. 169 (1993), and *Commonwealth* v. *Fuller,* 423 Mass. 216 (1996), unless he knows whether the complainant has received such treatments, and if she has, by whom she was treated. His position is that without this information he cannot make a request for specific records as required by stage one of the *Bishop* protocol. See *Commonwealth* v. *Bishop, supra* at 181. But even if the defendant knew whether the complainant had been treated, and by whom, he would still have to satisfy the separate requirements of *Commonwealth* v. *Fuller, supra,* before any review of the records would be warranted.

The defendant further argues that he is unable to pursue potential impeachment of the complainant without information concerning whether she had previously reported sexual assaults. In either instance, it is not for the Commonwealth to seek out information on behalf of the defendant to assist him in pursuing these trial strategies.

duty to help the defendant generate information from an independent witness.

Here, a "no contact" order is in place to prevent the defendant from having direct or indirect contact with the complainant. The defendant has not sought to have this order amended to allow his counsel or investigators to approach the complainant. Were the order to be appropriately amended after a hearing, the defendant's representatives would be able to contact the complainant and make their inquiry. The defendant, however, opines that such an effort would be fruitless, arguing in his brief that, "it is absolutely unrealistic to suggest that the complainant would voluntarily relinquish [the information sought] to the defendant." He asserts that the prosecution should therefore be ordered to secure the information for him. It may be true in a great percentage of criminal cases that complainants will refuse to speak with defendants. The fact that the alleged victim of a crime does not wish to speak with the purported perpetrator of that crime does not justify requiring the prosecution to act as a conduit for the defendant.

Furthermore, even if the inquiry were made, the complainant could choose not to answer. Complainants and witnesses have the right not to speak with "defense counsel or anyone acting on the defendant's behalf." G. L. c. 258B, § 3 (*m*).[3] See *Commonwealth* v. *Vinnie*, 428 Mass. 161, 176 n.19, cert. denied, 119 S. Ct. 523 (1998); *Commonwealth* v. *Rivera, supra* at 271; *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 658 (1979); *Commonwealth* v. *Campbell, supra* at 699. Because the complainant would presumably exercise her right not to answer the defendant's questions if posed directly by him, he seeks to have the prosecution ask them for him. "Neither the United States Supreme Court nor this court has to date read this duty [of disclosure] to extend, beyond the disclosure of evidence already in existence and in the prosecution's control, to the gathering of evidence potentially helpful to the defense." *Commonwealth* v. *Neal*, 392 Mass. 1, 8 (1984). We see no reason to depart from

---

[3]General Laws c. 258B, § 3 (*m*), provides "for victims and witnesses, to be informed of the right to submit to or decline an interview by defense counsel or anyone acting on the defendant's behalf, except when responding to lawful process, and, if the victim or witness decides to submit to an interview, the right to impose reasonable conditions on the conduct of the interview."

this principle today.[4]

The case is remanded to the county court with instructions to vacate the order of the Superior Court compelling the prosecution to question the complainant.

*So ordered.*

---

[4]The defendant's concern about prosecutors keeping themselves wilfully ignorant of potentially exculpatory information is a legitimate one. Nothing on the record, however, indicates that this has occurred here. Moreover, prosecutors are bound by an ethical duty not to engage in such conduct. See Mass. R. Prof. C. 3.8 (j), as appearing in 428 Mass. 1305 (1999) ("The prosecutor in a criminal case shall . . . not intentionally avoid pursuit of evidence because the prosecutor believes it will damage the prosecution's case or aid the accused"). Intentionally avoiding information that may be exculpatory would be a serious breach of prosecutorial ethics.