Connolly, J.
On September 17, 1999, a jury found the defendant guilty of two counts of indecent assault and battery on a person over the age of fourteen. On October 21, 1999, the defendant filed a motion for a new trial pursuant to Mass.R.Civ.P. 30 on the grounds of newly discovered evidence. The newly discovered evidence alleged by the defendant is “a recent disclosure by the Commonwealth’s percipient witness and complainant in this matter of a prior undisclosed false allegation of rape.” An evidentiary hearing related to this matter was held by the court on August 11,2000. For the reasons set forth below, the defendant’s motion for a new trial is ALLOWED.
BACKGROUND
Following a four-day jury trial (Connolly, J.), the defendant was convicted of two counts of indecent assault and battery on a person over fourteen years of age. The victim, Jennifer Ray, was fifteen years old at the time of the alleged offenses. At trial, the Commonwealth offered evidence that the victim was indecently assaulted on or about July 15, 1997 and September 15, 1997. Although the alleged victim and other fresh complaint witnesses testified at trial, no physical or medical evidence was offered by the Commonwealth.
After the jury returned guilty verdicts on both indictments, a sentencing hearing was held on September 17, 1999. Due in part to the defendant’s extensive record of criminal convictions for sexual offenses on children under the age of fourteen years in New Hampshire, Nebraska, and Massachusetts, the court (Connolly, J.) sentenced the defendant to four years, eleven months, and thirty days to five years on Indictment #100294. The defendant was also sentenced to four years, eleven months, and thirty days to five years on Indictment #100295 to be served on and after the time that the defendant serves on Indictment #100294.
As detailed in the affidavit of defendant’s counsel Timothy J. Cruz, Esq., the assistant district attorney who tried the case, William McCauley telephoned Attorney Cruz within a week after the verdict and sentencing. During that phone call Assistant District Attorney McCauley informed Attorney Cruz that the Commonwealth had just verified that the complainant had made a prior false allegation and subsequent recantation of rape involving her father. The Commonwealth first learned of this false allegation during a grand jury investigation of a different criminal matter, occurring after the trial of the case at bar. That grand jury investigation did not involve the defendant, but did involve Jennifer Ray, the complainant in the current matter.
Assistant District Attorney McCauley produced a four-page letter (attached to the Motion for a New Trial), written by Jennifer Ray to a friend, referring to a prior false accusation and subsequent recantation of rape involving her father. Said letter states in part:
So Kathy this is so hard to say but I need to. My Dad never raped me. He did everything else but I was hurt by what he said and what he done. I wanted to get back at him. Day after day I’m hurt of what I did to everybody and I cry because I’m so sad and I don’t know what to do. When I was gang raped last summer and sexually offended two years ago I felt invaded and angry.
*171 At the evidentiary hearing held on August 11, 2000, the alleged victim testified that she had written the four-page letter on or about July or August 1999 before the trial of the defendant, and acknowledged that the contents of the letter were true. Specifically, the alleged victim testified that she had indeed made a false accusation of rape concerning her father. The alleged victim testified that in the summer of 1999, after moving out of her father’s home, she had told members of her church that her father had sexually and verbally abused her. Although the allegations of verbal abuse were true, the alleged victim fabricated the allegations of sexual abuse so that members of her church would take her into their homes. The alleged victim then wrote the letter because she could no longer “live with the lie.”
The alleged victim also indicated that the reference in the letter to the sexual offense occurring “two years ago” refers to the two incidents which are the subject matter of the two indictments against the defendant.[1] The alleged victim also testified that her testimony at trial was true and correct.
It should be noted that the defendant’s counsel does not allege that the Commonwealth’s counsel intentionally withheld any exculpatory evidence. Rather, the defendant contends that the victim failed to reveal her prior false accusation of rape against her father, and prejudiced the defendant at trial.
DISCUSSION
As noted above, the defendant’s motion for a new trial is based on a claim of newly discovered evidence. A defendant seeking a new trial on that ground must establish both that the evidence is newly discovered and it casts real doubt on the justice of the conviction. Commonwealth v. LeFave, 430 Mass. 169, 176 (1999); Commonwealth v. Grace, 397 Mass. 303, 305 (1986). Newly discovered evidence is evidence that was unavailable at the time of trial and could not have been discovered with reasonable diligence. LeFave, 430 Mass. at 176. The evidence said to be new must not only be credible, but also material. Grace, 397 Mass, at 305. Its materiality will be assessed by determining whether there is a substantial risk that the jury would have reached a different result if the evidence had been admitted at trial. Id. at 306; Commonwealth v. Tucceri, 412 Mass. 401, 413 (1992).
The letter addressing the prior false allegation of rape and subsequent recantation constitutes newly discovered evidence. Neither the Commonwealth, nor the defendant was aware of the prior false allegation at the time of trial in September 1999. It is now well established that “(a) prosecutor’s duty of disclosure only applies to information in the possession of the prosecutor and information in the possession of persons sufficiently subject to the prosecutor’s control.” Commonwealth v. Beal, 429 Mass. 530, 531 (1999). A prosecutor’s obligation to disclose exculpatory information is limited to that in the possession of the police or prosecutor. Id. at 532. “A complainant is not someone who has participated in the investigation or evaluation of the case and has reported to the prosecutor’s office concerning the case.” Id. “Consequently, such witnesses are not sufficiently subject to the prosecutor’s control that the duty to disclose applies to information in their [complainant’s] possession.” Id. Accordingly, the prosecution in this case did not discover the exculpatory evidence until after the trial.
The court also finds the evidence offered by the defendant to be both credible and material. See Grace, 397 Mass. at 305. The court finds credible'the testimony of the alleged victim that the letter is accurate and that she did indeed make a false accusation of rape against her father. Likewise, the court determines that this evidence is material. There is a general rule that prior bad acts, including prior false allegations, cannot be used to impeach a witness’ credibility. Commonwealth v. Bohannon, 376 Mass. 90, 93 (1978) citing Miller v. Curtis, 158 Mass. 127, 131 (1893). In Bohannon, however, the court articulated an exception to this general rule. The Court held that when evidence concerning a critical issue is excluded and when that evidence might have had a significant impact* on the results of the trial, the right to present a full defense has been denied. Id. at 94. In Bohannon, the credibility of the complainant/rape victim was the critical issue in that case. Id. Moreover, the issue of consent was the central issue in dispute and the complainant was the only Commonwealth witness to testify to that issue. The Court noted that “evidence of prior false accusations of the specific crime which is the subject of the trial might itself have seriously damaged the complainant’s credibility.” Id. at 95. The Court found that the proffered evidence of prior false accusations of rape, if believed might have an impact on the issue of consent, and consequently the outcome of the trial. Id. Because the evidence of prior false accusations was excluded at trial, the Court reversed the guilty verdicts against the defendant and remanded the case for a new trial. Id. at 96; See also Commonwealth v. Nichols, 37 Mass.App.Ct. 332, 335-38 (1994) (new trial ordered where credibility was the issue in case involving sexual molestation of a child and evidence of subsequent admitted false accusations of sexual molestation made by alleged victim was excluded).
Due to the absence of physical or medical evidence, the credibility of the complainant was the critical issue in the case at bar. In dispute was whether the events happened as occurred as described by the alleged victim. There is no dispute that the alleged victim in the case at bar made a prior false accusation of rape.[2] See Nichols, 37 Mass App. Ct. at 335 (independent evidence of falsity of collateral allegation is clear where complainant admitted to making false allegations). If presented to the jury, evidence of the prior false accusation of rape could have seriously damaged the complainant’s credibility and would have had a signif *172 icant impact on the result of the trial. The newly discovered evidence in this case was exculpatory and could have been used on cross-examination to test the alleged victim’s ability, readiness, or proclivity to lie and fabricate. See Nichols, 37 Mass.App.Ct. at 336. Such evidence bears on the credibility of the witness and raises a substantial risk that the jury would have reached a different result if the evidence had been admitted at trial. Accordingly, in the interests of justice this court must allow the defendant’s motion for new trial. Mass.R.Crim.P. 30(b).
ORDER
For the foregoing reasons and pursuant to Mass.R.Crim.P. 30(b) the defendant’s motion for a new trial is ALLOWED. At the hearing on August 11, 2000, the Court issued an oral order on the record allowing the motion “as a matter of law under Commonwealth v. Bohannon and as a matter of discretion under Mass.R.Crim. 30(b).” The court now orders the words “as a matter of law under Commonwealth v. Bohannon” stricken and the balance to remain as stated.

 The alleged victim testified that the “gang rape" referenced in the letter is unrelated to the matter at bar.

 In Bohannon, the Court noted the relevance of offering independent third party records in order to conclude that the prior accusations of the same type of crime had been made and were false. Because the alleged victim admitted under oath at the evidentiary hearing that she made a prior false accusation of rape against her father, farther independent third-party records are not necessary.