We have considered the parties' arguments and thoroughly reviewed the record. We agree with the result reached by the Appeals Court for substantially the same reasons. The judgment of the Superior Court is reversed insofar as it denies Serrazina back pay for the period of her suspension beginning on August 10, 2004, and ending on October 22, 2007; it is otherwise affirmed. The case is remanded for a calculation consistent with this opinion.

*So ordered.*

*Maurice M. Cahillane (William E. Mahoney* with him) for the defendant.

*Timothy J. Ryan (Henry M. Downey* with him) for the plaintiff.

COMMONWEALTH *vs.* JOSE CASTILLO. February 15, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Discovery. *Evidence,* Medical record.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition pursuant to G. L. c. 211, § 3. We affirm.

The defendant was indicted for several counts of aggravated rape, indecent assault and battery, assault and battery by means of a dangerous weapon, and other related offenses. The charges stem from five separate incidents involving five female victims. In the course of the pretrial proceedings, the Commonwealth provided certain discovery to the defendant including records related to medical treatment that some of the alleged victims received following the incidents. The defendant thereafter filed a motion for discovery that included the following request:

> "Whether or not the alleged victim(s) were medically examined in connection with the above-captioned case. If so, the defendant requests the name and address of the facility and/or doctor(s) who conducted the examinations or professional medical services. Other than what has already been provided to the defendant in the Commonwealth's first notice of discovery. This includes, but is not limited to any and all follow up visits stemming from any initial medical exams relating to the alleged incident."

In response the Commonwealth stated that other than the information it had already provided, it was "not aware of any additional medical treatment or follow up visits any victim had pertaining to the indicted offenses." A Superior Court judge held a hearing on the defendant's motion, and as to the request for additional medical information wrote in the margin of the motion, "ALLOWED with respect to any follow up medical visits." The Commonwealth thereafter filed a G. L. c. 211, § 3, petition seeking relief from the judge's order. The single justice denied the petition.

In the G. L. c. 211, § 3, petition and in this appeal from the denial of that petition, the Commonwealth argues that the judge's order is improper and in contravention of *Commonwealth* v. *Beal,* 429 Mass. 530 (1999), because it requires the Commonwealth to inquire of the alleged victims whether they sought or had follow-up treatment. It is not clear that the order imposes such a requirement. The order simply states that the defendant's request for additional discovery was allowed with respect to any follow-up medical visits. Although the Commonwealth stated in the G. L. c. 211, § 3, petition that it

"relied on *Beal*" at the hearing on the defendant's discovery motion, the record before us is too sparse to shed any light on whether the judge was in fact compelling the Commonwealth to make an inquiry of the alleged victims.[1] Based on the record before us, we can conclude only that the judge allowed the defendant's request to the extent that it requires the Commonwealth to provide information in its possession. We cannot conclude, because the record is not sufficient on the point, that the judge was ordering the Commonwealth to do anything more.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Janis DiLoreto Noble*, Assistant District Attorney, for the Commonwealth.


---

[1] It is questionable whether such an order, if that is what the judge intended, would comport with the holding in *Commonwealth* v. *Beal,* 429 Mass. 530, 531 (1999) (recognizing that while prosecution has duty to disclose exculpatory information in its or its agents' possession, duty does not require making "defense-directed inquiries of independent witnesses, including complainants"), although we need not resolve that question here.