NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-335

COMMONWEALTH

vs.

JEFFREY S. FOLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted by a District Court jury of indecent assault and battery on a person over fourteen, in violation of G. L. c. 265, § 13H. This is his direct appeal. The facts of the case are well known to the parties and will not be repeated here, except to the extent necessary to our discussion. In her statement to the police, the victim identified a man with whom she worked as the person to whom she made her first complaint. Before trial, the Commonwealth moved to designate that person as its first complaint witness. See Commonwealth v. King, 445 Mass. 217, 218-219 (2005), cert. denied, 546 U.S. 1216 (2006) (holding that in sexual assault cases, the first person told about alleged sexual assault may testify about details and circumstances of initial complaint, but that no additional complaint witnesses may testify). At the

beginning of trial, however, it withdrew that motion, informing the judge that that witness was not present at trial.

During trial, the victim testified on cross-examination that she had called her mother from her car immediately after the incident with the defendant and told her about it. Defense counsel, surprised by this, orally moved for a mistrial. The motion was denied. On appeal, the defendant argues that this constituted a discovery violation, and that a mistrial should have been granted.

To begin with, there is no evidence in the record that anyone on the Commonwealth's prosecution team, including the police, was aware before trial either of the alleged conversation with the mother, or of the victim's intent to testify as she did. Without such evidence, which is not available in part because of the posture of this case as a direct appeal, the defendant cannot make out a case of a discovery violation. See Commonwealth v. Beal, 429 Mass. 530, 532 (1999) (holding that "prosecutor's duty does not extend beyond information held by agents of the prosecution team," which does not include complainants).

In any event, even if he could show such a violation, the defendant cannot on this record show prejudice. That would require a proffer of the testimony the mother might have given, as it is unclear whether it would have bolstered the victim's

2

credibility or detracted from it.  Cf. King, 445 Mass. at 219 (noting that first complaint testimony is not used to prove truth of allegations, but rather to "assist the jury in determining whether to credit the complainant's testimony about the alleged sexual assault").  Additionally, defense counsel effectively utilized the victim's inconsistent testimony regarding the first complaint, as well as other inconsistencies in her testimony, to attack the victim's credibility.

At the end of the defendant's brief, he cursorily mentions the judge's failure to order some other remedial measure short of a mistrial.  At trial, defense counsel did not request any such remedial measure, and so, to the extent the defendant raises this claim now, we review it for a substantial risk of a miscarriage of justice.  See Commonwealth v. Schoener, 491 Mass. 706, 722 (2023).

As described above, in the absence of any evidence indicating prejudice, the defendant cannot sustain his burden of demonstrating any such risk.

<u>Judgment affirmed</u>.

By the Court (Vuono, Rubin & Smyth, JJ.[1]),

Clerk

Entered:  June 27, 2024.

---

[1] The panelists are listed in order of seniority.