NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-35

COMMONWEALTH

vs.

LEE FRUZZETTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from the denial of a number of postconviction motions brought by the defendant after his convictions of assault and battery by means of a dangerous weapon (firearm) causing serious bodily injury, in violation of G. L. c. 265, § 15A (c) (i), and assault and battery by means of a dangerous weapon (firearm), in violation of G. L. c. 265, § 15A (b), were affirmed by a different panel of this court in an unpublished memorandum and order.  See Commonwealth v. Fruzzetti, 100 Mass. App. Ct. 1111 (2021).[1]  The Supreme Judicial Court denied further appellate review.  See Commonwealth v. Fruzzetti, 488 Mass. 1108 (2021).

---

[1] The facts underlying the convictions are well known to the parties and were summarized in the prior unpublished memorandum and order.

Following his direct appeal, the pro se defendant filed two motions for new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), as well as a supplement to one of those motions, and one motion to vacate his convictions under Mass. R. Crim. P. 25 (b), as amended, 420 Mass. 1502 (1995). The trial judge denied all three motions and the supplement in three detailed memoranda of decisions and orders. We affirm.

"A judge's decision to deny a motion for a new trial . . . will not be disturbed unless a review of the defendant's case shows that the decision, if not reversed, will result in 'manifest injustice'" (citation omitted). Commonwealth v. Vazquez, 69 Mass. App. Ct. 622, 631 (2007). As is the case in the instant appeal, where the motion judge is also the trial judge, his decision is entitled to special deference. Id. A judge also has discretion under Mass. R. Crim. P. 25 (b) (2), to grant a new trial where the integrity of the verdict is suspect. Commonwealth v. Doucette, 408 Mass. 454, 455-456 (1990).

The defendant now argues that the trial judge erred by not granting his motions because the Commonwealth withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, (1963), and because various evidentiary issues cast doubt on the sufficiency of the evidence.

We note that, aside from arguing sufficiency of the evidence, the defendant did not raise these issues on direct appeal. As such, the issues were waived or have been addressed. See Commonwealth v. Amirault, 424 Mass. 618, 639-640 (1997). Waiver does not mean that the issues are precluded from our review, but, rather, we review to determine whether an error occurred and, if so, whether that error created a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 293-296 (2002). We address each issue in turn, and, for the reasons set forth below, we do not find error in the judge's denials of the motions.

1. Failure to disclose exculpatory evidence and alleged due process violations. The defendant, relying on Brady, 373 U.S. at 87, contends that the Commonwealth violated his constitutional right to be provided with material exculpatory evidence. "Where the government fails to comply with this duty to turn over exculpatory evidence to the defense, a convicted defendant may be entitled to a new trial." Commonwealth v. Caldwell, 487 Mass. 370, 375 (2021). To obtain a new trial on the grounds that the Commonwealth failed to disclose certain exculpatory evidence, "a defendant must establish (1) that the evidence [at the time of trial] [was] in the possession, custody, or control of the prosecutor or a person subject to the prosecutor's control; (2) that the evidence is exculpatory; and

3

(3) prejudice" (quotations and citation omitted).  Commonwealth v. Sullivan, 478 Mass. 369, 380 (2017).  Inherent in the analysis is the presupposition that the exculpatory evidence at issue was undisclosed to the defendant and newly discovered by the defendant.  Commonwealth v. Pope, 489 Mass. 790, 798 (2022).  "A defendant seeking a new trial on the ground of newly discovered evidence must establish . . . that the evidence is newly discovered."  Commonwealth v. Grace, 397 Mass. 303, 305 (1986).

Although the defendant cites to approximately fourteen purported examples[2] of withheld exculpatory evidence, he fails to explain either how each item on his list is exculpatory or the resulting prejudice to him.  Additionally, while the defendant asserts that the prosecution failed to disclose this evidence during trial, he has not established that the prosecution possessed such evidence or that the evidence was within its control.  See Commonwealth v. Beal, 429 Mass. 530, 531 (1999)

_____

[2] The defendant's examples of Brady violations include, but are not limited to, the following:  (1) "eye-witness of the shooter, doorbell, neighborhood videos"; (2)"[v]ehicle of the shooter, number plate identity, color of vehicle, make, model"; (3) "[f]irearm 38 or 357 caliber or others, no firearm was ever located"; (4) "[u]n-[t]ampered surveillance video of the alleged vehicle and shooter"; (5) "[t]he victim's bookie, drug dealer, exgirlfriends, ex workers, '3rd parties.'"  We note that the judge was not required to credit the defendant's self-serving, uncorroborated affidavit that discovery was withheld.  See Commonwealth v. Grant, 426 Mass. 667, 673 (1998).

4

(prosecutor has no duty to investigate every possible source of exculpatory information on behalf of defendant).  Thus, we discern no error of law in the judge's conclusion that the defendant has not established any of the elements of his Brady claim.  Accordingly, we discern no substantial risk of a miscarriage of justice.

2.  Evidentiary issues.  The defendant also raises various evidentiary issues which he argues, in summary, impaired the integrity of the verdict.  The defendant first contends that the evidence against him at trial included a video recording of the alleged suspect saying, "Fucking [N-word]."  He argues that, because he and the victim are both white, he would not have said such a racial slur to the victim.  The defendant further argues that the police tampered with surveillance evidence and that one detective had a "revengeful motive toward [him]."  Finally, the defendant claims that the judge erred by "limiting expert and non-expert, along with the sheriff's testimony."  Because the defendant has failed to either cite to the record or provide any authority in support of these arguments, these various claims do not rise to the level of appellate argument cognizable by this court.[3]  See Commonwealth v. Tracy, 50 Mass. App. Ct. 435, 442

---

[3] The defendant, appearing pro se, moved to file a nonconforming brief, and the motion was allowed.  Although we extend leniency in determining whether the papers of a self-

5

(2000).  See also Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  Thus, we do not address these issues.

3.  <u>The sufficiency of the evidence</u>.  The defendant also claims that the Commonwealth failed to present sufficient evidence that he shot the victim.  A panel of this court addressed the sufficiency of the evidence in the direct appeal, and, thus, the doctrine of direct estoppel bars our review of this claim.  See <u>Commonwealth</u> v. <u>Arias</u>, 488 Mass. 1004, 1006 (2021).  Furthermore, "[a] motion for new trial may not be used as a vehicle to compel . . . review and [consideration of] questions of law, on which a defendant has had his day in an appellate court" (quotation and citation omitted).  <u>Commonwealth</u> v. <u>Gagliardi</u>, 418 Mass. 562, 565 (1994).  We therefore decline to address the substance of the defendant's sufficiency of the evidence argument and conclude that there was no substantial risk of a miscarriage of justice.

Finally, we note that the defendant failed to include all the issues he raised in his motions in his brief, including allegations of newly discovered evidence, ineffective assistance of counsel, invalidity of the defendant's waiver of counsel, and

_____

represented defendant comply with applicable court rules, the allowance of the defendant's motion to file a nonconforming brief does not dispense with the minimum requirement of providing adequate appellate argument.  See <u>Commonwealth</u> v. <u>Jackson</u>, 419 Mass. 716, 719 (1995) ("pro se [defendants] are held to the same standards as practicing members of the bar").

6

the defendant's competency to stand trial.  The appellant's brief must set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies.  The appellate court need not pass upon questions or issues not argued in the brief."  Mass. R. A. P. 16 (a) (9) (A).  As a result, the defendant has waived his right to have this court consider arguments he raised in the Superior Court which he did not raise in the instant appeal.  See Commonwealth v. McNair, 98 Mass. App. Ct. 750, 761 n.11 (2020) ("[h]aving abandoned his . . . argument on appeal, the defendant . . . is not entitled to review of that claim").  Moreover, that the defendant is pro se does not assist him in the circumstances of this case, as pro se parties "are held to

the same standards as practicing attorneys."  Commonwealth v.
Jackson, 419 Mass. 716, 719 (1995).  We therefore decline to
address the substance of these issues.[4]

> Orders entered March 2, 2022,
> March 4, 2022, and November
> 18, 2022, denying motions
> for new trial and to vacate
> convictions, affirmed.
>
> By the Court (Vuono, Rubin &
> Smyth, JJ.[5]),
>
> _Paul Lettle_
>
> Clerk

Entered:  September 10, 2024.

---

[4] To the extent that the defendant raises other arguments
not discussed here, we have not overlooked those arguments but
conclude that they do not merit discussion.  See Commonwealth v.
Domanski, 332 Mass. 66, 78 (1954).

[5] The panelists are listed in order of seniority.