NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-665

COMMONWEALTH

vs.

SHAWN PACHECO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, a dance teacher, was charged with disseminating matter harmful to a minor, in violation of G. L. c. 272, § 28.  The complaint application alleged that he sent a photograph of his penis, as well as text messages, to the thirteen year old victim, one of his dance students, via the social media application Snapchat.  A District Court judge denied the defendant's motion to dismiss for lack of probable cause, but granted the defendant's separate motion to dismiss on the ground that the Commonwealth failed to preserve exculpatory evidence.  The Commonwealth appeals from the dismissal.  We reverse.

Discussion.  1.  Preservation of evidence.  The
Commonwealth contends that it never possessed the specific
photograph and messages at issue, so it had no duty to preserve
them.  We agree.  The Commonwealth's duty to preserve
exculpatory evidence grows out of its "duty to disclose
'evidence favorable to an accused upon request.'"  Commonwealth
v. Sasville, 35 Mass. App. Ct. 15, 19 (1993), quoting Brady v.
Maryland, 373 U.S. 83, 87 (1963).  "A prosecutor's duty of
disclosure only applies to information in the possession of the
prosecutor and [those] persons sufficiently subject to the
prosecutor's control," meaning those "acting, in some capacity,
as agents of the government in the investigation and prosecution
of the case" (quotation and citation omitted).  Commonwealth v.
Beal, 429 Mass. 530, 531 (1999).  We review an order dismissing
a case based on the Commonwealth's failure to preserve
potentially exculpatory evidence "for a clear abuse of
discretion" (citation omitted).  Commonwealth v. Cintron, 438
Mass. 779, 784 (2003).

Despite conducting a forensic investigation of the
defendant's phone and the victim's iPad, and executing three
search warrants seeking Snapchat records, the Commonwealth was
unable to recover the photograph and messages at issue.  The
defendant makes no developed argument, nor is there evidence
suggesting, that the private entity controlling the Snapchat

2

application (which we refer to as "Snap") was "sufficiently subject to the prosecutor's control" for the Commonwealth's duty to disclose to apply to materials in that entity's possession. See Beal, 429 Mass. at 531. Cf. Commonwealth v. Harwood, 432 Mass. 290, 294, 298-299 (2000) (Commonwealth responsible for loss of document mishandled by State investigative agency that worked closely with prosecutor's office). We see no evidence that the Commonwealth or anyone acting subject to the Commonwealth's control ever possessed the photograph or messages.

The defendant argues that this case is like Sasville, where this court determined that the Commonwealth was grossly negligent in failing to preserve potentially exculpatory evidence. In that case, a police officer advised a third party, who was holding evidence in anticipation of the Commonwealth's testing it, that it could be destroyed. Sasville, 35 Mass. App. Ct. at 18, 23-24. The defendant does not adequately address the glaring difference between Sasville and the facts before us now. Here, the Commonwealth never advised Snap that the latter could destroy the photograph or messages. Further, there is no evidence that Snap or its agents ever lost or affirmatively destroyed the photograph, as opposed to the photographs having been deleted by the normal operation of the Snapchat application. See generally Commonwealth v. Carrasquillo, 489

3

Mass. 107, 108-110 (2022) (describing temporary visibility of Snapchat photographs).

The Commonwealth's inability to acquire the photograph and messages here is a far cry from advising a third party that potentially exculpatory evidence could be destroyed, nor is the Commonwealth's inability to obtain evidence here a violation of its duty to preserve evidence. See Sasville, 35 Mass. App. Ct. at 19-24. The Commonwealth has no duty to preserve evidence it never possessed or controlled. The judge erred and thus abused his discretion by dismissing the complaint on the ground that the Commonwealth failed to preserve exculpatory evidence.

2. Probable cause. The defendant asks us to affirm the dismissal on the alternate ground that the evidence in the complaint application failed to establish probable cause. See Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997). We decline to do so.

"[P]robable cause exists where . . . the facts and circumstances within the knowledge of police are enough to warrant a prudent person in believing that the individual arrested has committed . . . an offense." Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), quoting Commonwealth v. Stewart, 469 Mass. 257, 262 (2014). See Commonwealth v. Salvatore, 103 Mass. App. Ct. 605, 610 (2023). "A demonstration of probable cause 'requires more than mere suspicion but

4

something less than evidence sufficient to warrant a conviction.'" Leonard, supra, quoting Commonwealth v. Roman, 414 Mass. 642, 643 (1993). "A motion to dismiss for lack of probable cause 'is decided from the four corners of the complaint application . . . .'" Leonard, supra, quoting Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013). "The complaint application must include information to support probable cause as to each essential element of the offense." Id. at 565-566. We review whether there is probable cause to issue a criminal complaint de novo and view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Russo, 494 Mass. 356, 360-361 (2024).

The crime of disseminating matter harmful to minors occurs when a defendant "purposefully disseminates to a person [the defendant] knows or believes to be a minor any matter harmful to minors . . . ." G. L. c. 272, § 28. See Commonwealth v. Jones, 471 Mass. 138, 141 (2015). Here, it is reasonable to infer from the police report attached to the complaint application that the defendant purposefully disseminated the photograph and the messages to a person he knew or believed to be a minor. The defendant does not argue that there was no probable cause as to

5

these elements.  Nor does he dispute that such materials constitute "matter" within the meaning of the statute.[1]

What the defendant challenges is whether the matter at issue was harmful to minors.  Matter is "harmful to minors" if it is either "obscene" (not argued here) or, taken as a whole, "(1) describes or represents nudity, sexual conduct or sexual excitement, so as to appeal predominantly to the prurient interest of minors; (2) is patently contrary to prevailing standards of adults in the county where the offense was committed as to suitable material for such minors; and (3) lacks serious literary, artistic, political or scientific value for minors."  G. L. c. 272, § 31.

"Where First Amendment rights are implicated with respect to a determination whether materials are obscene or prurient, an appellate court must conduct an independent review of the materials to determine de novo whether the materials fall within those categories."  Commonwealth v. Militello, 66 Mass. App. Ct.

_____

[1] "Matter" is defined as "any handwritten or printed material, visual representation . . . including, but not limited to . . . pictures, photographs . . . or any electronic communication including, but not limited to, electronic mail, instant messages, text messages, and any other communication created by means of use of the Internet or wireless network . . . ."  G. L. c. 272, § 31.  Here, the statement of facts in support of the complaint application specified that the matter at issue includes the photograph and accompanying messages received by the victim from the defendant's Snapchat account; the attached police report specified other such messages.

325, 331 (2006).  See Commonwealth v. Rex, 469 Mass. 36, 41-42 (2014) (citing Militello with approval).  While the defendant argues that, to establish probable cause, the Commonwealth must produce copies of the matter for the court to review, the law is clear that when the matter is not available, "testimony may provide an adequate substitute for the introduction in evidence of the offending material . . . ."  Militello, supra at 333.  See Ferrari v. Commonwealth, 448 Mass. 163, 167-169 & nn.11, 13 (2007).  We therefore set forth the victim's descriptions of the photograph and messages, and then consider whether they satisfy the three-part definition of "harmful to minors."

According to the victim's statements in the police report, the photograph displayed the defendant smiling and lying on a bed in the dark with the front flash of the camera phone on.  The defendant used one hand to hold the camera phone, and the other hand rested on his chest with his penis "obviously" visible on his stomach.  The photograph included the caption "Never!"  After receiving the photograph, the victim received another Snapchat message from the defendant requesting that the victim "send one back" to the defendant.  After the victim sent the defendant a photograph of his own penis, the victim received yet another Snapchat message from the defendant, commenting that the victim's penis was "[b]ig for a growing boy."  The defendant expressed disbelief that the photograph sent by the victim was

real, and thus requested that the victim send him a "live photo," but the victim did not do so "because he knew he should not."[2]

We turn to the three-part definition of "harmful to minors." First, based on the police report it is reasonable to infer that, taken as a whole, the matter included nudity and appealed predominantly to the prurient interest of minors. A matter appeals to the prurient interests of minors if it appeals "solely and numbingly to the obsessively sexual (i.e., prurient) interest of the minors" (quotation and citation omitted). Militello, 66 Mass. App. Ct. at 332. The victim described the photograph as including an exposed penis that "[one] can obviously see." As noted, after sending the photograph of his penis to the victim, the defendant requested the victim send him a photograph of his own penis, commented on the size of the victim's penis, and then requested a "live photo," inferably of the victim's penis. The facts alleged in the complaint application suggest that the matter included more than nudity alone and, instead, showed the defendant's attempt to convince the victim to exchange photographs of penises with him. Even without looking at the larger context of other messages or

_____

[2] The police report states that the phrase "live photo" refers to a "direct photo through" Snapchat; inferably, a "live" photo shows some movement or action, i.e., is similar to a short video.

statements described in the police report, this was enough to satisfy the first part of the definition of "harmful to minors."

Second, it is reasonable to infer that the photograph and messages the victim received were patently contrary to prevailing standards of adults as to suitable material for minors. See G. L. c. 272, § 31. The police report describes a text message the victim's mother received from the defendant in which he recounted a conversation with the victim where he stated "how wrong it was" for him to send the victim the photograph, "apologized profusely to [the victim,] and . . . promise[d] it would never happen again." Also, according to the victim, the defendant admitted that he was "100% wrong in this entire situation."

Third, as for whether the matter has serious literary, artistic, political or scientific value for minors, the defendant does not argue that it did, nor do we see anything in the police report so suggesting. The defendant did not suggest that the photograph met any of these criteria, but rather referred to it as a "mistake" he made when he was "very intoxicated." It is reasonable to infer that a "selfie" of an adult in bed displaying his penis and messages requesting nude photographs over Snapchat do not have such serious value for minors.

Conclusion.  The judge abused his discretion by dismissing the complaint on the ground that the Commonwealth failed to preserve exculpatory evidence.  Moreover, the complaint application established probable cause to believe the defendant disseminated matter harmful to minors.  Therefore, we decline to affirm the dismissal of the complaint on the alternative ground the defendant suggests.[3]

Order dismissing complaint
  reversed.

By the Court (Sacks,
  Hershfang & Tan, JJ.[4]),

Clerk

Entered: April 29, 2025.

---

[3] Pursuant to Mass. R. Crim. P. 15 (d), as amended, 476 Mass. 1501 (2017), the defendant may file a request for appellate attorney's fees and costs, and supporting affidavits, within thirty days of this decision.  The Commonwealth shall then have thirty days to respond.  See generally Russo, 494 Mass. at 367 n.10.

[4] The panelists are listed in order of seniority.