2005-NMSC-008

110 P.3d 66

**STATE OF NEW MEXICO, ex rel., Kari E. BRANDENBURG, District Attorney for the Second Judicial District, Petitioner,**

v.

**Hon. James F. BLACKMER, District Judge, Second Judicial District, State of New Mexico, Respondent,**

and

**Marco Antonio Brizuela, Real Party in Interest.**

No. 29,014.

Supreme Court of New Mexico.

April 7, 2005.

Kari Brandenburg, District Attorney, Chris G. Lackmann, Assistant District Attorney, David L. Waymire, Assistant District Attorney, Albuquerque, NM, for Petitioner.

Patricia A. Madrid, Attorney General, David K. Thomson, Assistant Attorney General, Albuquerque, NM, for Respondent.

Sophie Cooper, Albuquerque, NM, for Real Party in Interest.

**OPINION**

MINZNER, Justice.

{1} The District Attorney for the Second Judicial District has petitioned this Court for a writ of superintending control, pursuant to Article VI, Section 3 of the New Mexico Constitution and Rule 12–504 NMRA 2005. The petition addresses a district court order compelling discovery of statements made to a victim advocate in connection with charges against Defendant Marco Brizuela. The Attorney General's Office declined to participate in this proceeding, and the matter has been briefed and argued by Defendant as the real party in interest and by Petitioner.

{2} Petitioner relies on the work product doctrine. *See Hartman v. Texaco, Inc.,* 1997–NMCA–032, ¶ 19, 123 N.M. 220, 937 P.2d 979. Petitioner contends that a victim's advocate is part of the prosecution team and that the district court's order compels discovery of material the doctrine protects. Defendant relies on the terms of Rule 5–501 NMRA 2005, which requires a prosecutor to disclose "the names and addresses of all witnesses which the prosecutor intends to call at the trial, together with any statement made by the witness." Rule 5–501(A)(5). We hold that the work product doctrine applies in criminal actions and that a victim advocate employed by a district attorney's office is part of the prosecution team. Nevertheless, we agree with Defendant that the district court's order is consistent with the disclosure required by Rule 5–501. Our reasons are as follows.

**I**

{3} Defendant was charged on May 4, 2004, with crimes against Dolores Iacobellis. On November 2, 2004, Defendant moved pursuant to Rule 5–501 to compel discovery of "all notes, annotations, and recordings of any kind of conversations between the D.A.'s victim advocates and Dolores Iacobellis." Opposing the motion, the State argued that Angela Valdez, the victim advocate who spoke with Iacobellis, was part of the prosecution team and that any statements by Iacobellis to Valdez were protected by the work product doctrine.

{4} The district court granted the motion. As amended, the order requires disclosure of Valdez's "notes, statements, reports or documentation ... regarding any oral or written statements or assertions Dolores Iacobellis made regarding" (1) events six months before, during, and after the alleged crime that are related to the charges; (2) her relationship with Defendant; and (3) any bias, prejudice, or anger against Defendant. It authorizes an interview of Valdez regarding "any oral and/or written statements or assertions" Iacobellis made regarding the same three items. The court rejected the State's work product argument. The court reasoned that Valdez was not part of the prosecution team because she was not a paralegal, investigator, or attorney. Emphasizing that Defendant was due only Iacobellis' statements, the court stated that Valdez need not divulge information she provided to Iacobellis, advice Valdez gave to the prosecution team, or Iacobellis' questions about the criminal case. The court invited the State to invoke this Court's original jurisdiction. The petition for a writ of superintending control also requested a stay. On January 6, 2005, we granted the stay and requested a response from Defendant. We subsequently set the matter for oral argument.

{5} Petitioner asks this Court to determine that Valdez's notes from the interview with Iacobellis are work product and that the work product doctrine applies in criminal cases. Petitioner suggests that Valdez took notes as part of the prosecution team and the doctrine protects those notes whether they should be viewed as containing matters of opinion or fact. Defendant seems to agree that the doctrine protects matters of opinion. He suggests that the district court's order only compels disclosure of what Rule 5–501 requires a prosecutor to disclose. The State must disclose witnesses and their statements pursuant to Rule 5–501(A)(5). A statement includes "notes which are in substance recitals of an oral statement." Rule 5–501(G)(3). Defendant concedes that the work product doctrine applies in criminal cases, but he argues that a defendant need not show good cause to obtain work product that the rule requires the State to disclose.

{6} There are three issues before us: whether the work product doctrine applies in criminal cases; whether the doctrine extends to a victim advocate's work; and whether the district court's order is consistent with the definition of "statement" in Rule 5–501. Before turning to these issues, we determine whether it is appropriate to consider them in a proceeding invoking our original jurisdiction.

## II

{7} Petitioner asserts that extraordinary relief is warranted because if the district court's order is enforced, then protection pursuant to the work product doctrine will be irrevocably lost. Under similar circumstances we have considered important legal issues. *See Chappell v. Cosgrove,* 1996–NMSC–020, ¶ 6, 121 N.M. 636, 916 P.2d 836 (considering a writ of superintending control when the district court disqualified counsel because if the case proceeded a party would be deprived of counsel of choice). Under similar circumstances, courts in other jurisdictions have entertained petitions for extraordinary relief. *See People v. District Court,* 790 P.2d 332, 334 (Colo.1990) (concluding discretionary orders and related disqualification orders might be reviewed in a proceeding pursuant to original jurisdiction); *Commonwealth v. Liang,* 434 Mass. 131, 747 N.E.2d 112, 115 (2001) (concluding that a discovery order was reviewable as an exercise of superintending control). Further, Petitioner may have no other avenue of appeal. If Defendant is found guilty, Petitioner likely would not be an aggrieved party, and thus would not have the right to appeal. If Defendant was acquitted, then double jeopardy would bar a second trial and appeal.

{8} Defendant does not oppose the exercise of our original jurisdiction. Respondent invited a review of its order pursuant to our original jurisdiction on the ground that the issues raised were of statewide interest and importance.

{9} At oral argument the parties appeared to agree that Valdez's notes do not contain statements by Iacobellis. Nevertheless, we are not persuaded the issues are moot, and we do believe the issues are of statewide

interest and importance. The issue is capable of repetition yet may evade review. *Mowrer v. Rusk,* 95 N.M. 48, 51, 618 P.2d 886, 889 (1980).

{10} For these reasons, we conclude that Petitioner has appropriately invoked our original jurisdiction. We now turn to whether the work product doctrine applies in criminal actions, beginning with a description of the doctrine in civil actions.

### III

{11} In general, work product is material prepared in anticipation of civil litigation by a party, a party's attorney, and other people employed by a party. "The work product rule is not a privilege, but an immunity protecting from discovery documents and tangible things prepared by a party or its representative in anticipation of litigation." *Hartman,* 1997–NMCA–032, ¶ 19, 123 N.M. 220, 937 P.2d 979. There are two types of work product: opinion and non-opinion, or ordinary, work product. *See* 4 Wayne R. LaFave et al., *Criminal Procedure* § 20.3(j), at 876–77 (2d ed.1999) (distinguishing ordinary or "fact" work product from opinion work product); *Hartman,* 1997–NMCA–032, ¶ 19, 123 N.M. 220, 937 P.2d 979 (defining "opinion" work product and distinguishing all other "non-opinion" work product).

{12} In civil actions opinion work product enjoys "nearly absolute immunity." *Hartman,* 1997–NMCA–032, ¶ 19, 123 N.M. 220, 937 P.2d 979. "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." Rule 1–026(B)(4) NMRA 2005. Opinion work product includes "documents which reflect an attorney's mental impressions, conclusions, opinions or legal theories." *Hartman,* 1997–NMCA–032, ¶ 19, 123 N.M. 220, 937 P.2d 979. Ordinary, or non-opinion, work product enjoys "qualified immunity." *Id.* Ordinary work product is discoverable when the requesting party has substantial need for the material and is un-able to obtain its substantial equivalent without undue hardship. Rule 1–026(B)(4).

{13} The New Mexico Rules for Criminal Procedure contain different discovery rules than the New Mexico Rules for Civil Procedure. The criminal procedure rules contain no general rule protecting discovery of work product. Under the criminal procedure rules, the parties are required to disclose information without request from the other party, including witnesses to be called at trial and their statements. *See* Rules 5–501(A)(5); 5–502(A)(3) NMRA 2005. Excluded from the State's disclosure requirement are materials that would expose a confidential informer or risk physical harm or other adverse consequences to a person. Rule 5–501(F). Excluded from a defendant's disclosure requirement are statements by the defendant to counsel, and "reports, memoranda or other internal defense documents made by the defendant, his attorneys or agents, in connection with the investigation or defense of the case." Rule 5–502(C)(1) & (2). The criminal procedure rules expressly protect some defense counsel work product but do not expressly protect a prosecutor's work product.

{14} Petitioner suggests that the work product doctrine applies similarly in both civil and criminal proceedings. Defendant suggests that we should construe the work product doctrine as curtailed by the criminal procedure rules. Several New Mexico appellate courts have referred to the applicability of the work product doctrine in criminal proceedings. *See State v. Jackson,* 97 N.M. 467, 468, 641 P.2d 498, 499 (1982); *State v. Jackson,* 2004–NMCA–057, ¶ 5, 135 N.M. 689, 92 P.3d 1263, *cert. quashed,* 2005–NMCERT–001, 137 N.M. 17, 106 P.3d 579; *State v. Turner,* 97 N.M. 575, 582, 642 P.2d 178, 185 (Ct.App.1981). None have squarely considered the issues presented by the parties.

{15} In this proceeding and in the district court, the parties referred to various jurisdictions that have held the work product doctrine applies in criminal cases. *United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of

the criminal justice system is even more vital."); *Liang,* 747 N.E.2d at 118 ("[I]nformation contained in the notes of [the prosecution team] is protected as work product."); *District Court,* 790 P.2d at 335 ("The work product doctrine ... applies with equal, if not greater, force in criminal prosecutions."). We note that these jurisdictions differ in their recognition and application of the work product doctrine in criminal proceedings. As a result, these broad statements require tempering.

{16} Colorado and Massachusetts, for example, exempt from discovery in criminal proceedings work product as defined in their rules of criminal procedure. *See District Court,* 790 P.2d at 335; *Liang,* 747 N.E.2d at 118. Colorado and Massachusetts rules of criminal procedure appear to protect only opinion work product. *Id.* The federal rules governing criminal procedure protect ordinary as well as opinion work product. Fed. R.Crim.P. 16(a)(2). The rules of criminal procedure in Colorado and Massachusetts require pretrial disclosure of some or all witness statements, Colo. R.Crim. P. 16(I)(a); Mass. R.Crim. P. 14(a)(1), while federal law bars production of witness statements until the witness testifies. 18 U.S.C. § 3500 (2000); *see also* Fed.R.Crim.P. 16(a).

{17} "American jurisdictions can be divided into three groups in their treatment of pretrial disclosure of the written and recorded statements of prosecution witnesses." 4 LaFave et al., *supra* § 20.3(i), at 870. Some require disclosure; some prohibit disclosure; others authorize disclosure at the trial court's discretion. *Id.* "Jurisdictions with provisions patterned after the ABA Standards generally include witness statements among the required items of disclosure." *Id.* at 872. There is some variation among these jurisdictions in the scope of the term "statements" and in the class whose statements are subject to disclosure. *Id.* Because of these variations, it is difficult to extract general principles from rules and cases governing disclosure and discovery in other jurisdictions. It appears, however, that in general jurisdictions requiring prosecutors to disclose witness statements usually protect work product, particularly opinion work product. 4 LaFave et al., *supra* § 20.3(j), at 877–78.

{18} We believe prior New Mexico cases appropriately referred to the work product doctrine as applicable in criminal cases. Applying the work product doctrine in criminal actions should help ensure that counsel will thoroughly prepare and should tend to promote reliable results. *Nobles,* 422 U.S. at 238, 95 S.Ct. 2160. Within an adversarial system, counsel should have wide latitude to develop a theory of the case and prepare strong support for that theory. 4 LaFave et al., *supra* § 20.3(j). For these reasons, we hold that the work product doctrine applies in criminal actions.

{19} Nevertheless, our Rules of Criminal Procedure make clear that the doctrine is not the same as in civil actions. Material which the rules require the State to disclose is not protected by the work product doctrine, but rather Rule 5–501(A) generally requires disclosure while Rule 5–501(F) limits the requirement. Similarly, material which the defendant must disclose is governed by Rule 5–502(A), and Rule 5–502(C) limits the requirement. We conclude material that is opinion work product should have the same protection as in civil actions; that material enjoys nearly absolute immunity.

## IV

{20} We next turn to whether victim advocates are part of the prosecution team. If they are, then their work is protected by the work product doctrine. The Victims of Crime Act, *see* 1978 NMSA § 31–26–1 (1994), requires district attorneys to communicate with victims, providing information about victim's rights, the usual course of a criminal action, and notice of proceedings. *See, e.g.,* §§ 31–26–4, –9, –10. Petitioner's office employs victim advocates to accomplish these duties. The statutory duties do not include investigation, and Petitioner conceded at oral argument that investigation is not a part of victim advocate duties. If a victim advocate engaged in limited communication with victims, for instance by form letter, we would be hard-pressed to consider an advocate part of the prosecution team.

{21} We believe a different conclusion is appropriate. We are not aware of a statute or rule that prohibits victim advocates from accomplishing tasks beyond those expressed as statutory requirements of the district attorneys. Duties assigned a victim advocate may make that advocate part of the prosecution team. The parties have indicated that victim advocates are in close contact with victims and that their duties are complex. A victim advocate often meets with a victim in person, discussing the victim's role in testifying, the possible impact on the victim of testifying, and the victim's past and future medical and psychological needs. Given this contact, it seems reasonable that details about the alleged crime and the parties would be shared.

{22} Victim advocates are excluded from the definition of "victim counselor" in the Victim Counselor Confidentiality Act, NMSA 1978, § 31–25–2(E) (1987), but this exclusion indicates the possibility that their work otherwise might be viewed as counseling. Further, given that the victim advocate is employed by the district attorney, and works with prosecutors, it seems reasonable that the victim advocate would communicate details and opinions to prosecutors. Because victim advocates perform many tasks similar to those of other members of the prosecution team, even if some of their duties differ, we conclude that victim advocates are part of the prosecution team and that the relevant rules of attorney-client confidentiality and State disclosure are applicable. *See Liang,* 747 N.E.2d at 115–16.

### V

{23} Finally, we turn to the district court's order in the criminal action from which this proceeding arose and the definition of "statement" in Rule 5–501(G). The order required disclosure of Valdez's "notes, statements, reports, or documentation ... regarding any oral or written statements or assertions Dolores Iacobellis made regarding" (1) events six months before, during, and after the alleged crime that are related to the alleged crime; (2) her relationship with Defendant; and (3) any bias, prejudice, or anger against Defendant. It authorizes a follow-up interview of Valdez to clarify Iacobellis' statements or assertions made regarding the same three items. The court emphasized that Defendant is due only Iacobellis' statements, as defined in Rule 5–501(G)(3), and that Valdez is not required to divulge information she provided to Iacobellis, advice Valdez gave to the prosecution team, or Iacobellis' questions about the criminal case.

{24} We begin by noting that the order is consistent with this opinion, notwithstanding the district court's conclusion that Valdez was not part of the prosecution team. The order requires production of material which Rule 5–501 requires the State to disclose, and it adequately protects opinion work product. *Cf. Liang,* 747 N.E.2d at 119 (concluding that "unless advocates' notes contain exculpatory evidence or 'statements' of witnesses, their notes are protected as work product under" the rules of criminal procedure). At oral argument, it became clear that the parties disagreed about the breadth of the definition of the word "statement." The definition is broad. The definition includes a written statement signed, adopted, or approved by the person making the statement; the definition includes a recording or transcription of an oral statement; and the definition includes written statements or notes "which are in substance recitals of an oral statement." Rule 5–501(G)(1)–(3). Despite the breadth of the definition, we think there are limits on the state's duty to disclose witness' statements. We note that an undocumented statement is not within the definition. Defendant is not seeking such statements.

{25} We are concerned that the definition might be overly broad. We are uneasy with a rule that requires disclosure of all notes, when some notes may be cryptic, consisting solely of a word or phrase jotted down in the course of an extensive interview and not easily interpreted by someone who was not present. The rule might be improved by a requirement that notes are not discoverable unless the witness has signed, adopted, or approved the notes. We need not address this issue because the parties appear to agree that Valdez's notes do not contain statements by Iacobellis, and no party has

argued that Valdez's notes would be hard to review for statements. Second, it is unclear whether under the rule the statement has to be relevant to the alleged crime or the criminal proceeding. At oral argument Defendant argued that nearly any statement by a witness, particularly a complaining witness, had to be disclosed. Because defense counsel may depose any person, Rule 5–503 NMRA 2005, we do not think that counsel is entitled to every statement. The essence of the disclosure rule is to ensure fairness and due process. The rule requires the disclosure of more than exculpatory evidence, but disclosure is not a replacement for discovery. Again, we need not reach this issue because the order limits disclosure of material to three areas relevant to the criminal action.

{26} By means of this published opinion, we ask our Committee charged with recommending revisions to the Rules of Criminal Procedure for the District Courts to examine Rule 5–501(G) in light of these concerns and make any recommendations that seem appropriate. We note that Massachusetts, for example, also places a definition of statement within its criminal procedure rule governing disclosure and recently revised its definition. *See* Mass. R.Crim. P. Rule 14(d). We believe, as did the district court in this case, that relevancy is an implicit requirement. *See* 4 LaFave et al., *supra* § 20.3(i), at 872. We also believe that discoverable notes of an oral statement ought to be a substantially verbatim recital of an oral statement, rather than a few words that do not convey sufficient context or substance to be considered a "witness statement." *See* Mass. R.Crim. P.

Rule 14(a). We note that Rule 5–501's definition of "statement" includes notes that are "in substance recitals of an oral statement." Rule 5–501(G)(3).

## VI

■ {27} The district court's order requires disclosure and authorizes an interview of Valdez concerning "statements or assertions" by Iacobellis. Rule 5–501(G)(3) requires disclosure of statements and defines statements. The portion of the order requiring disclosure links notes and statements in such a way that we construe the order as encompassing only documented assertions. The court may have considered assertions to be a synonym of statements in drafting the interview portion of the order, but we think the inclusion of undocumented verbal assertions as within the scope of the authorized interview goes beyond the rule. The district court should modify the portion of the order authorizing an interview to delete the phrase "or assertions."

{28} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES and EDWARD L. CHÁVEZ, Justices.