2005-NMCA-094

116 P.3d 115

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**JOSE S., Defendant–Appellant.**

**No. 24668, 24697.**

Court of Appeals of New Mexico.

June 8, 2005.

Certiorari Denied, No. 29,283, July 13, 2005.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, for Appellee.

John Bigelow, Chief Public Defender, Jennifer Byrns, Assistant Appellate Defender, Santa Fe, for Appellant.

*OPINION*

KENNEDY, J.

{1}   Jose S. (Child) appeals the denial of his motion to modify his sentence, claiming that his sentence was illegal under *State v. Adam M.*, 2000–NMCA–049, 129 N.M. 146, 2 P.3d 883. At a dispositional hearing on two separate petitions against Child, the district court adjudicated Child delinquent on both petitions. Pursuant to the Delinquency Act, NMSA 1978, §§ 32A–2–1 to –33 (1993, as amended through 2003), Child was committed for one year on the first case and for two years on the second case. The two-year commitment on the second case was suspended and Child was placed on probation. The district court ordered that these sentences run concurrently.

{2}   We hold that even though Child has already served his sentence, Child's case is not moot. We further hold that the rationale of *Adam M.* does not prevent the imposition of two non-consecutive commitments based on separate petitions stemming from different underlying behavior during one dispositional hearing.

## FACTS AND PROCEDURAL HISTORY
### The CSP Case

{3}   Child was indicted by a grand jury for criminal sexual contact of a minor, criminal sexual penetration (CSP), and attempted CSP. At a first trial, the district court directed a verdict as to one count, the State filed a nolle prosequi as to one count, and trial on the remaining charge of CSP ended in a hung jury and mistrial. Child ultimately entered a no contest plea to attempted CSP.

### The Property Damage Case

{4}   Child's second case stemmed from Child committing a different criminal act on a different date. A second delinquency petition was filed alleging that Child had committed criminal misdemeanor property damage while he was in a detention center. On the day of trial, Child agreed not to contest the charge. Child was placed on probation and entered into a consent decree. The State petitioned to revoke the consent decree, alleging that Child had violated the terms of his probation by withdrawing from school,

not going home so that his whereabouts were unknown, and removing his ankle monitor. Child was wearing the monitor while awaiting trial on the CSP case. The district court ultimately accepted Child's admission to violating his probation on the property damage charge.

### Dispositional Hearing on the CSP Case and the Property Damage Case

{5} There was one dispositional hearing in these cases. For the CSP case, Child was adjudicated delinquent and committed to the Children, Youth and Families Department (CYFD) for an indeterminate period not to exceed one year, pursuant to Section 32A–2–19(B)(2)(a). For the property damage case, Child was also adjudicated delinquent on the charge of violating the terms and conditions of his probation and committed to CYFD for an indeterminate period not to exceed two years, pursuant to Section 32A–2–19(B)(2)(b). This separate commitment was ordered to run concurrently with Child's CSP case. This commitment was further suspended and Child was placed on probation for the same period of time. Child appeals the denial of his motion to modify this disposition.

### DISCUSSION

{6} This case asks us to interpret the district court's authority under the Delinquency Act, which is a question of law that we review de novo. See In re Ruben D., 2001–NMCA–006, ¶ 7, 130 N.M. 110, 18 P.3d 1063. The language of unambiguous provisions must be given effect without further interpretation. Id. Only ambiguous provisions require us to delve into the legislative purpose behind the statute. Id.

{7} The State argues that Child's appeal is moot because Child has already served his sentences on both charges. The State asserts that Child's appeal is not susceptible to any of the mootness exceptions because this situation is unlikely to occur again. However, the fact sequence below does not appear too unusual to this Court and because of the short time frames for Children's Code dispositions and the sometimes lengthy time for disposition of general calendar cases on appeal, such cases can evade review. We hold that this case could be susceptible to repetition without review, and is therefore not moot. See State ex rel. Brandenburg v. Blackmer, 2005–NMSC–008, ¶ 9, 137 N.M. 258, 110 P.3d 66.

{8} Child argues that the district court could not impose two separate dispositions on two separate delinquency petitions in the course of a single dispositional hearing. Child asserts that this sentence is not allowed under the provisions of Section 32A–2–19 or under Adam M .. We disagree that this proceeding was a single dispositional hearing or that it resulted in an illegal disposition falling outside the perimeters of Section 32A–2–19(B).

{9} In Adam M., we said that the Children's Code "does not contemplate consecutive commitments." 2000–NMCA–049, ¶ 1, 129 N.M. 146, 2 P.3d 883. The two petitions at issue there stemmed from (1) the commission of a rape, (2) the commission of which violated the child's probation. Id. ¶ 3. At a single dispositional hearing on both petitions, the district court ordered two separate commitments to run consecutively. Id. ¶ 4. This Court said that the Children's Code, from which the district court derives its limited statutory authority to impose a commitment, "does not reveal any authority for the children's court to order consecutive commitments for the same underlying behavior which is the subject of two separate petitions combined for disposition." Id. ¶¶ 5–6. We held that "[i]f, as in this case, a single dispositional hearing is held on more than a single petition, Section 32A–2–19(B) permits only a dispositional judgment which includes a single commitment." Adam M., 2000–NMCA–049, ¶ 13, 129 N.M. 146, 2 P.3d 883. We hold that this rule does not apply to the case before us.

{10} In this case, Child's sentences were neither consecutive nor based on the "same underlying behavior." See id. ¶ 6. In Adam M., we stressed that consecutive sentences, while permissible at common law, were simply not permitted from a single dispositional hearing under Section 32A–2–19(B). Id. ¶¶ 7–8, 13. We noted further that a child could only receive a maximum two-year commitment on an initial petition no matter

the number of offenses. *Id.* ¶ 9. It was only the statutory authority of Section 32A–2–23(D) that "provides a mechanism to continue the child's commitment." *Adam M.*, 2000–NMCA–049, ¶ 10, 129 N.M. 146, 2 P.3d 883. "[W]e do not read Section 32A–2–19 to include unexpressed authority for the children's court to order consecutive commitments." *Id.* Clearly, the concern was impermissibly extending the duration of a child's commitment (for one act) *beyond* that permitted by Section 32A–2–19(B).

{11} Here, on the other hand, Child's sentences were concurrent, and thus combined did not extend beyond the statutory perimeters. Also, unlike *Adam M.*, we are not dealing with a single act of CSP giving rise to two petitions, but separate and distinct underlying acts giving rise to separate and distinct petitions. *See Adam M.*, 2000–NMCA–049, ¶ 6, 129 N.M. 146, 2 P.3d 883. It is undisputed that the district court could have handed down these same exact commitments at two different dispositional hearings set at different times. *See id.* ¶ 11; *In re Augustine R.*, 1998–NMCA–139, ¶ 7, 126 N.M. 122, 967 P.2d 462. Today we hold that the district court may hand down statutorily authorized sentences such as the sentences here at one time. We do not read Section 32A–2–19(B) as requiring the empty formality of having separate proceedings at different times regarding the same child simply to hand down separate non-consecutive commitments on separate petitions. *See State v. Herrera*, 2001–NMCA–073, ¶ 10, 131 N.M. 22, 33 P.3d 22 (stating that we will not read language into a statute when it makes sense as written). We hold that the rationale of *Adam M.* simply does not prevent two different, non-consecutive commitments based on separate petitions that are themselves based on separate conduct from being heard at the same time.

{12} Finally, Child's sentence was permissible under the plain language of Section 32A–2–19(B). Child's short-term, one-year commitment for CSP was authorized by Section 32A–2–19(B)(2)(a). Child's long-term, two-year commitment for violating his probation and the consent decree was unrelated to the CSP charge and authorized by Section 32A–2–19(B)(2)(b). This second commitment was suspended and, as authorized by Section 32A–2–19(B)(3), Child was placed on probation. We hold that the plain language of Section 32A–2–19(B) allowed for these dispositions, so that further interpretation is unnecessary. *See In re Ruben D.*, 2001–NMCA–006, ¶ 7.

## CONCLUSION

{13} We affirm.

{14} IT IS SO ORDERED.

BUSTAMANTE, C.J. and PICKARD, J., concur.