This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS FOR THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                            **No. A-1-CA-36176**

**JUSTIN C.,**

    Child-Appellant,

and

**SUSAN BRIDGES,**

    Parent-Interested Party.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Child appeals from the district court's judgment and disposition in which Child received a short-term commitment of one year to the custody of the Children, Youth and Families Department (CYFD), pursuant to NMSA 1978, Section 32A-2-19(B)(1)(a) (2009). Child contends that the district court erred in determining his disposition when: (1) it did not take into consideration the purpose of the Children's Code; (2) it found, without referring to any supporting evidence, that Child had exhausted all available community resources for treatment; and (3) there was insufficient evidence that Child was a danger to the community. We conclude that Child's appellate issues are moot.

**BACKGROUND**

{2}    On September 23, 2016, a delinquency petition was filed alleging that on September 22, 2016 Child had committed the delinquent acts of aggravated battery upon a school employee (great bodily harm), and assault upon a school employee (threat or menacing conduct). This was Child's first delinquent referral. Three days later the district court entered an order joining Child's grandmother, Susan Bridges, as a party to the petition for purposes bringing her under the jurisdiction of the court with regard to the care and rehabilitation of Child. On October 27, 2016, Child admitted to aggravated battery upon a school employee (great bodily

harm), contrary to NMSA, 1978, § 30-3-9(F) (1989) and assault on a school employee (threat or menacing conduct), contrary to Section 30-3-9(B). Child's dispositional hearing occurred on November 6, 2016, and the Judgment and Disposition was entered on December 13, 2016 in which he received a one-year commitment to the custody of the CYFD. A notice of appeal was timely filed on January 11, 2017. Child's docketing statement was timely filed on February 9, 2017. The Child untimely requested two extensions to file his memorandum in opposition to this Court's proposed summary affirmance. This matter was eventually placed on the general calendar on September 14, 2017. After two extensions, Child's brief in chief was filed on March 30, 2018, three months after his one-year commitment expired.

**DISCUSSION**

{3}     Because Child's one-year commitment expired in December 2017 the preliminary question before this Court is whether Child's appeal is moot. "As a general rule, [appellate courts] do not decide moot cases. A case is moot when no actual controversy exists and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted). "However, [the appellate courts] may review moot cases that present issues of substantial public interest or which are capable of repetition yet evade review." *Id.* ¶ 10. An issue is capable of review even if the

3

parties are unlikely to litigate the same issue again or where the issue may arise in another prospective case and the parties to this future case are irrelevant. *See id.* ¶ 11. This Court has remarked that "[m]any children's court cases will involve short-term commitments of one year or less . . . which could expire before the case [is] fully briefed before this Court or our Supreme Court, and thus these issues would evade review unless [the capable of repetition] exception was invoked." *State v. Sergio B.*, 2002-NMCA-070, ¶ 11, 132 N.M. 375, 48 P.3d 764 (citation omitted).

**{4}** The State argues that Child's appeal is moot and that this Court cannot grant Child actual relief. The State also argues that the "capable of repetition" exception is not an option as Child's issues are specific to him and his particular incident. The State further argues that the only exception to the general mootness rule would be continuing collateral consequences that do not exist here. In response, Child argues that he is raising an issue—whether the district court's discretion in determining juvenile disposition is limited by the Children's Code—of substantial public interest that is capable of repetition.

**{5}** We have reviewed a district court's disposition after a child's commitment period expired in two juvenile delinquency cases. *See State v. Jose S.*, 2005-NMCA-094, ¶ 7, 138 N.M. 44, 116 P.3d 115; *Sergio B.*, 2002-NMCA-070, ¶ 11. The first case, *Sergio B.*, involved a child who received a two-year commitment. 2002-NMCA-070, ¶ 1. The district court reserved the right to extend the child's

4

commitment, as allowed by the Children's Code and instructed CYFD to inform the court of any pending release dates. *Id.* ¶ 3. Twenty-months later, CYFD informed the district court that the child's case was before the juvenile parole board and that CYFD was recommending that the child be released early and allowed to live with his mother in another state. *Id.* ¶ 4. The state filed a motion requesting a recommitment hearing. Child objected, arguing that the district court did not have jurisdiction. *Id.* We determined that because it was likely that a child would seek parole after successfully completing treatment and at the end of his commitment, the issue of whether the district court had jurisdiction to consider the extension of a child's custody at the end of a child's commitment period was an issue capable of repetition.

{6}     In *Jose S.*, this Court held that the short time frame for juvenile dispositions and the potential lengthy amount of time for resolution of general calendar cases means that the appeals of impermissible juvenile dispositions could be capable of repetition yet evade review, and therefore not moot. 2005-NMCA-094, ¶ 7. The child argued that the district court could not impose two separate concurrent dispositions for two separate delinquency petitions within the course of a single dispositional hearing. *Id.* ¶¶ 8, 11. In distinguishing this case from another case involving consecutive juvenile dispositions, this Court found that the district court could order statutorily authorized dispositions at one time. *Id.* ¶ 11.

**{7}** Here, while Child argues that he is raising an issue that is capable of repetition—whether the district court's discretion in determining juvenile disposition is limited by the children's code, our de novo review would actually be whether the district court properly interpreted and applied the law in determining Child's disposition. *See In re Christobal V.*, 2002-NMCA-077, ¶ 9, 132 N.M. 474, 50 P.3d 569. The distinctive difference between this case, *Jose S.* and *Sergio B.* is that this case does not raise general procedural or jurisdictional issues capable of repetition in the review of other juvenile dispositions. As a result, we conclude that Child's issues are moot.

**CONCLUSION**

**{8}** Based on the foregoing, we dismiss Child's appeal as moot.

**{9}** **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**DANIEL J. GALLEGOS, Judge**


_____
**HENRY H. BOHNHOFF, Judge**

6